# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERESA ANN TOWNS,

    Defendant.

Case No. 2:13-cr-00206-LDG (PAL)

**ORDER**

      The Defendant, Teresa Ann Towns, has moved pursuant to Fed. R. Crim. Proc. 35 to amend the judgment of the Court (a) to reflect the Court's oral authorization, stated at her sentencing, that she be permitted to enter the VFW Post for social and civic purposes; and (b) to clarify whether the Court intended that she pay interest on the restitution owed. The United States opposes, arguing that Rule 35 permits the correction of a sentence only within 14 days of oral announcement of the sentence. The United States further asserts that there is not a basis to amend the Judgment for clerical error under Rule 36.

      The Court agrees that the Defendant's motion is untimely under Rule 35.

      Nevertheless, a review of the audio recording of the sentencing establishes that defense counsel asked the Court to allow the Defendant to enter the VFW Post, even though it had slot machines, acknowledging that she would comply with the gambling

prohibition.  The Court responded that it would leave the question whether the defendant could enter the VFW Post up to the Probation Office, but that the Court would authorize it provided the Probation Office was satisfied it was legitimate.  The Court's determination reflected a modification of the gambling prohibition that is not reflected in the Judgment as currently entered.  The Court considers this to be a clerical error in the Judgment that can be corrected at any time under Rule 36.  Thus, the Court will order the Clerk of the Court to prepare an Amended Judgment for the Court's signature that reflects the modification to the gambling prohibition, Special Condition of Supervised Release #6, that was allowed by the Court at sentencing.

The Defendant's remaining request is for clarification regarding her obligation to pay interest upon restitution.  The request does not concern a clerical error, and therefore amendment of the judgment to reflect the request is neither warranted nor authorized pursuant to Rule 36.  Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant's Motion to Amend Judgment of Conviction (#60) is GRANTED in part and DENIED in part as follows: The Clerk of the Court shall prepare for the Court's signature an Amended Judgment that adds the following sentence to Special Condition of Supervised Release #6 (the Gambling Prohibition): "You may, however, enter the VFW Post for social and civic purposes so long as (a) the Probation Office verifies the legitimacy of the establishment, (b) the Probation Office expressly approves your entry into the VFW Post, and (c) you do not engage in any gambling activity."

DATED this ___ day of March, 2014.

Lloyd D. George
United States District Judge

2